FORM B104  (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Thomas H. Casey | DEFENDANTS<br>(See attached) |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Philip D. Dapeer (SBN 53378) (323) 954-9144<br>Philip D. Dapeer, a law corporation<br>2625 Townsgate Road, Suite 330, Westlake Village, CA 91361 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE AND AVOIDANCE OF FRAUDULENT TRANSFERS
11 U.S.C. §§ 542, 548 and 550 and California Civil Code §§ 3439 et seq.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☒ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☒ 13-Recovery of money/property - §548 fraudulent transfer

☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,000,000.00 |

Other Relief Sought
Injunctive and declaratory relief

## ATTACHMENT TO FORM B-104

**DEFENDANTS:**

STEVEN SEARS, COMMERCIAL INVESTMENT GROUP, a limited partnership, MIKE
SEARS, individually and Trustee of the COMMERCIAL INVESTMENT TRUST DATED
SEPTEMBER 21, 1994, MIKAEL SEARS, BARBARA SEARS, AASE L. SEARS, ROBERT
SANDLIN, and HAL SEARS

FORM B104 (08/07), page 2                                      2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Steven Sears | 8:11-12525-MW |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Santa Ana | Santa Ana | Mark S. Wallace |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Thomas H. Casey | Steven Sears, et al. | 8:12-ap-01182 MW |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Santa Ana | Santa Ana | Mark S. Wallce |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
|  |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 2/11/15 | Philip D. Dapeer |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile: (323) 954-0457

Attorney for Plaintiff
Thomas H. Casey, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 8:11-bk-12525-MW |
| STEVEN SEARS, | Adversary No. |
|     Debtor. | [Chapter 7] |
| ——————————————— | **COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE AND AVOIDANCE OF FRAUDULENT TRANSFERS** |
| THOMAS H. CASEY, Not Individually but Solely in His Capacity as the Duly Appointed Chapter 7 Trustee of the Estate of Steven Sears, | |
|     Plaintiff, | |
|     v. | |
| STEVEN SEARS, COMMERCIAL INVESTMENT GROUP, a limited partnership, MIKE SEARS, individually and Trustee of the COMMERCIAL INVESTMENT TRUST DATED SEPTEMBER 21, 1994, MIKAEL SEARS, BARBARA SEARS, AASE L. SEARS, ROBERT SANDLIN, and HAL SEARS, | |
|     Defendants. | |

Plaintiff alleges:

1.    Plaintiff was and is at all times herein mentioned the duly appointed and acting Chapter 7 Trustee of the estate of debtor Steven Sears.

2.    This action is brought pursuant to 11 U.S.C. §§ 542, 548 and 550 and California Civil Code §§ 3439 *et seq.*

1

3.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 157.  This action is a Core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E) and (H).

4.     Venue of this action is proper pursuant to 28 U.S.C. § 1409.

5.     Defendant Steven Sears is the involuntary debtor in this Chapter 7 case.  An order for relief under Chapter 11 of the Bankruptcy Code was entered in this case following the filing of an involuntary Chapter 11 petition against Steven Sears.  Thereafter, the Chapter 11 case was converted to Chapter 7, and plaintiff was appointed as the Chapter 7 Trustee of the estate of debtor Steven Sears.

6.     Plaintiff is informed and believes and thereon alleges that each of the defendants claims or asserts some right, title or interest in the subject property adverse to the interest of debtor and defendant Steven Sears.  By this action, plaintiff seeks to determine the nature and extent of any legal or equitable lien or interest that any of the defendants claims in the subject property and obtain a decree of quiet title of all such interests adverse to the interest of debtor Steven Sears along with a declaration that all of the adverse claims are void and unenforceable as against plaintiff in plaintiff's capacity as the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of debtor and defendant Steven Sears.

7.     The real property that is the subject of this action is that certain parcel of real property commonly known as 23 Entrada East, Irvine, California legally described as set forth in Exhibit "A" hereto.

8.     Based upon a preliminary title report obtained by plaintiff with respect to the subject property, plaintiff is informed and believes and thereon alleges that defendants may assert an ownership or lien interest in the subject property based upon alleged transfers of lien or legal or equitable interests in the subject property which transfers and conveyances are void or avoidable by this action, and plaintiff seeks an appropriate decree of avoidance or a declaration that all such transfers and conveyances by defendants are void such that all right, title, claim and interest in the subject property has passed to the Chapter 7 estate to be administered by plaintiff.

9.     Plaintiff is informed and believes and thereon alleges that the subject parcel of real property constitutes property of the estate, and that defendants, by this action, should be ordered to

2

1   transfer, convey and deed over to plaintiff the subject property so that it may be administered as an

2   asset of the debtor's Chapter 7 estate by plaintiff in plaintiff's sole capacity as the duly appointed

3   Chapter 7 Trustee.

4         10.    Plaintiff is informed and believes and thereon alleges that defendants may assert an

5   adverse claim or interest in said property and assert that the subject property is not an asset of the

6   debtor's Chapter 7 estate.  Plaintiff seeks a declaration of rights in this action relative to any such

7   competing claims and interests and a judicial determination that the entire fee interest in the subject

8   property constitutes an asset of the debtor's Chapter 7 estate such that same may be administered as

9   property of the estate in this case.

10        11.    Further, plaintiff seeks a declaration and determination by this court that if the debtor

11  has any right, title, claim or interest in any entity defendant, such interest is also an asset of this

12  Chapter 7 estate, and defendant debtor should be ordered to execute all documents and do all things

13  required by plaintiff in order to transfer and convey whatever membership, economic or ownership

14  interest defendant debtor Steven Sears may have in defendant Commercial Investment Group, a

15  limited partnership, and that defendants should also be ordered to execute all documents and do all

16  things required by plaintiff in order to transfer and convey whatever economic interest he may have

17  in the entity defendant or any trust identified as the holder of any lien or ownership interest in the

18  subject property.

19        12.    Plaintiff seeks a declaration and determination by this court that the interests of any of

20  the defendants excluding the debtor in any entity or trust or any interest in the subject property is a

21  sham, in that whatever interest said defendants hold or assert of record or otherwise, in fact belongs

22  to debtor defendant Steven Sears, and is held by the other individual and entity defendants pursuant

23  to a continuing plan, scheme and conspiracy between and among the defendant to defraud the

24  creditors of the debtor's Chapter 7 estate.

25        13.    Plaintiff is further informed and believes and thereon alleges that defendants have

26  encumbered the subject property with purported liens that are also sham and were intended to further

27  frustrate, hinder and delay creditors in their efforts to enforce money claims against debtor Steven

28  Sears.  Plaintiff is informed and believes and thereon alleges that defendants have so created bogus

liens, claims and engaged in bogus transfers with respect to the subject property pursuant to a plan,

scheme and conspiracy to create void and bogus liens and interests in the property in order to further

defraud, hinder and delay creditors, including plaintiff, in the efforts of creditors to enforce just and

valid debts against defendant Steven Sears. By this action, plaintiff seeks to avoid and declare void

all such liens and adverse claims and interests against the subject property and declare them void as

against plaintiff.

14.    Plaintiff is informed and believes and thereon alleges that the transfers of the subject

parcel of real property were transfers that were made or incurred with the actual intent to hinder,

delay or defraud an entity to which the debtor was or became, on or after the date that such transfer

was made or such obligation was incurred, indebted or received less than a reasonably equivalent

value in exchange for such transfer or obligation and was insolvent on the date that such transfer was

made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

was engaged in business or a transaction, or was about to engage in business or a transaction, for

which any property remaining with the debtor defendant was an unreasonably small capital; and

intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's

ability to pay as such debts matured; or defendants made such transfer to or for the benefit of an

insider, or incurred such obligation to or for the benefit of an inside, under a contract not in the

ordinary course of business.

15.    Plaintiff is informed and believes and thereon alleges that the transfers of the subject

property by any of the defendants were made or incurred by defendants in violation of 11 U.S.C. §

548 and California Civil Code §§ 3439 *et seq.*

16.    Plaintiff is informed and believes and thereon alleges that regardless of whether any

transfers or conveyances of the subject property were fraudulent transfers and obligations that may

be avoided by plaintiff, the interest of defendant Steven Sears in the property or in any defendant

entity or trust all constitute property of the estate as to which this court should enter an order

declaring such to be the case and directing that defendant Steven Sears and the other defendants

named herein execute such documents and do all things required so as to transfer such property

COMPLAINT

1  interest to plaintiff in plaintiff's capacity as Chapter 7 Trustee of the estate of defendant Steven

2  Sears.

3         17.     Plaintiff is informed and believes and thereon alleges that each of the defendants

4  named herein conspired and agreed between and among themselves to effect the fraudulent transfers

5  of the subject property with the actual intent to hinder, delay or defraud any entity in which

6  defendant Steven Sears was or became, or after the date that such transfer was made or such

7  obligation was incurred, indebted.

8        **WHEREFORE**, plaintiff prays judgment as follows:

9      1.     For an appropriate declaration of rights;

10      2.     For an order declaring and avoiding fraudulent transfers and obligations;

11      3.     For an order declaring and determining the subject property to be property of this

12  Chapter 7 estate and directing the transfer and conveyance of all such property interests to plaintiff

13  in plaintiff's sole capacity as Chapter 7 Trustee of the estate of defendant Steven Sears;

14      4.     For appropriate relief pursuant to 11 U.S.C. § 548;

15      5.     For appropriate relief pursuant to California Civil Code §§ 3439 *et seq.*;

16      6.     For appropriate relief pursuant to 11 U.S.C. § 542;

17      7.     For plaintiff's attorney's fees incurred herein;

18      8.     For plaintiff's cost of suit incurred herein; and

19      9.     For such other and further relief as the court deems just and proper.

20

21  DATED:  February ⁣ɴ , 2015             PHILIP D. DAPEER
                                       A Law Corporation

22

23                                         PHILIP D. DAPEER
                                       Attorney for Plaintiff Thomas H. Casey

24                                         Chapter 7 Trustee

25

26

27

28

5

**EXHIBIT A**

Order Number:  82214  (AF)
Page Number:  10

## LEGAL DESCRIPTION

Real property in the **City of Irvine**, County of **Orange**, State of **California**, described as follows:

**PARCEL 1:**

**LOT 48 OF TRACT NO. 9366, AS PER MAP RECORDED IN BOOK 399, PAGE 16 TO 18, INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPTING THEREFROM AN UNDIVIDED ONE-HALF INTEREST OF ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING IN AND UNDER SAID LAND BELOW A DEPTH OF 500 FEET MEASURED VERTICALLY FROM THE SURFACE OF SAID LAND BUT WITHOUT THE RIGHT OF SURFACE ENTRY THERETO, AS RESERVED IN DEEDS OF RECORD.**

**PARCEL 2:**

**EASEMENTS FOR SIDEYARD PURPOSES IN AND OVER THE LAND DESCRIBED IN THE 4TH DECLARATION OF ANNEXATION, AND AS SHOWN ON EXHIBIT "A" ATTACHED THERETO, RECORDED IN BOOK 13110, PAGE 1675 OF OFFICIAL RECORDS.**

APN: **530-091-40**

*Western Resources Title Company*

"A"